UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-00176-MR

| | | |
|---|---|---|
| DUSTIN MICHAEL GRIMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JONATHAN CALL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff seeks to proceed in forma pauperis. [Doc. 2].

**I.  BACKGROUND**

Pro se Plaintiff Dustin Michael Grimes ("Plaintiff") was a detainee at the Wilkes County Jail (the "Jail") in Wilkesboro, North Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on September 27, 2023, against Defendants Jonathan Call and FNU Wingler, identified as Jail Lieutenants; Defendant FNU Whitley, identified as a Jail Major; and Defendant Michael Absher, identified as a Jail Officer. [Doc. 1 at 1-3]. Plaintiff purports to sue Defendants in their individual and official capacity. [Id. at 4].

The Complaint is less than clear, but Plaintiff appears to allege the

following. On or about March 13 and 14, 2023, Plaintiff had an "incident" with Defendant Absher, which Defendant Call reviewed on March 15, 2023. According to the Jail Incident Report Plaintiff attached to his Complaint, the Plaintiff punched Defendant Absher twice after Defendant Absher entered Plaintiff's cell in response to Plaintiff banging his head on the cell door and back kicking the door. [Doc. 1 at 17]. As a result of that incident, Plaintiff was placed in lockdown for 60 days. [See id.]. Defendant Call punished Plaintiff in some unspecified way that "violated [Plaintiff's] right to communicate with counsel," and then sought "further trial-punishment" through Defendants Wingler and Whitley, who filed criminal charges against Plaintiff "for the exact same action." [Id. at 4]. An attachment to the Complaint shows that Plaintiff was charged in the District Court of Wilkes County with malicious conduct by a prisoner in relation to this incident. [See id. at 15].

On July 28, 2023, Plaintiff was in a fight with another inmate in which Plaintiff used a tablet as a weapon to strike the other inmate. [Id. at 12]. "Partial" Defendant Call investigated the incident. Defendant Call claimed to have done Plaintiff's "Hearing-Trial as the Hearing Officer," proceeded to punish the Plaintiff, and then sought further punishment "for the exact same action" through Defendants Wingler and Whitley, who again filed criminal

2

charges against Plaintiff.[1]  [Id.; see id. at 14].  An attachment to the Complaint shows that Plaintiff was charged in the District Court of Wilkes County with simple assault and injury to personal property in relation to this incident. [Doc. 1 at 10].

Finally, Defendant Call "stonewalled" Plaintiff's unidentified grievances and told Plaintiff that, "This is not a grievable matter."  [Id. at 5].  When Plaintiff tried to appeal, Defendant Call threatened Plaintiff with more lockdown time if Plaintiff persisted in filing false grievances.  [Id.].

Plaintiff claims that Defendants violated his rights under the First, Fifth, Sixth, Eighth, Tenth, and Fourteenth Amendments, including "[p]retrial punishment [and] attempting Double-Jeopardy."  [Id. at 2].  Plaintiff alleges that he was "mentally, emotionally, & financially injured," including lost wages from incarceration. [Id. at 6].  Plaintiff seeks monetary and injunctive relief, including that his state criminal charges be "retract[ed]-quash[ed]."  [Id. at 8].

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the

---

[1] Plaintiff submitted a Jail Incident Report with his Complaint that was prepared by Joshua McGrady and approved by Defendant Call.  [See Doc. 1 at 12].  McGrady recommended that Plaintiff be locked down for 90 days and have no privileges for 14 days for assaulting an inmate with a weapon, participating in a fight, and damaging Jail property.  [Id.].

grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan,

526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. \_\_, 143 S.Ct. 1444 (2023). Although Plaintiff alleges that his rights under the First, Fifth, Sixth, Eighth, Tenth, and Fourteenth Amendments were violated, the Court will address only those claims fairly raised by Plaintiff's allegations.

### A. Official Capacity Claims

Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 (1978)). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S.

658, 694, 98 S.Ct. at 2037-38). Here, Plaintiff does not allege that any official policy was the moving force behind any constitutional injury. [See Doc. 1]. Plaintiff, therefore, has failed to state an official capacity claim against any Defendant in this matter and these claims will be dismissed.

## B. Retaliation for Filing Grievances

An inmate has a clearly established First Amendment right to be free from retaliation for filing lawsuits. See Booker v. S.C. Dep't of Corrs., 855 F.3d 533, 540 (4th Cir. 2017); Thompson v. Commonwealth of Va., 878 F.3d 89, 110 (4th Cir. 2017). Inmates also have a protected First Amendment right to complain to prison officials about prison conditions and improper treatment by prison employees that affect them. See Patton v. Kimble, 717 Fed. App'x 271, 272 (4th Cir. 2018).

To state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct. Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (quotation marks and citation omitted). Retaliation claims brought by prisoners, however, are treated with skepticism because every act of discipline by a prison official is retaliatory in that it responds directly to

prisoner misconduct. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). More, bare or conclusory assertions of retaliation are insufficient to establish a retaliation claim. Id., 40 F.3d at 74.

Taking Plaintiff's allegations are true and giving him the benefit of every reasonable inference, Plaintiff has nonetheless failed to state a retaliation claim. That is, Plaintiff alleges that Defendant Call threatened him with punishment if Plaintiff filed more false grievances and that Defendant Call told him the matter was not "grievable." Plaintiff, however, does not allege that Defendant Call actually took any adverse action against Plaintiff for Plaintiff having filed grievances or that Plaintiff's First Amendment rights were affected. The Court, therefore, will dismiss this claim.

## C. Right to Redress of Grievances

"[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). "An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance procedure." Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017). As such, to the extent Plaintiff claims that Defendants violated any right to redress of grievances, he has failed.

## D. Double Jeopardy

Plaintiff claims that he was subject to double jeopardy because Defendants Wingler and Whitley "filed criminal charges against [Plaintiff]" when Plaintiff was already being punished by the Jail for his conduct in March and July of 2023. The Fifth Amendment's Double Jeopardy Clause does not protect a prisoner or detainee from being charged for the same misconduct that resulted in prison disciplinary sanctions. United States v. Green, 508 Fed. App'x 206, 206 (4th Cir. 2013) (citations omitted). Plaintiff, therefore, fails to state a claim based on double jeopardy and the Court will dismiss it.

## E. IFP Petition

On November 3, 2023, Captain Wyatt from the Wilkes County Jail called the Clerk's Office to report that Plaintiff is deceased and that she would be returning the Court's mail marked "return to sender." [11/3/2023 (Court Only) Docket Entry]. Because Plaintiff is deceased, the Court will grant Plaintiff in forma pauperis status for the limited purpose of initial review. Typically, when a party dies during the pendency of an action, the opposing party files a Suggestion of Death with the Court, which is served on the deceased party's successor or representative. See Fed. R. Civ. P. 25(a)(1). Here, because Plaintiff's Complaint had not passed initial review and, therefore, no Defendants had been served, no Suggestion of Death has or

8

Case 5:23-cv-00176-MR   Document 5   Filed 11/09/23   Page 8 of 9

will be filed. Moreover, the Court is without information regarding Plaintiff's successors.

## IV. CONCLUSION

In sum, Plaintiff's Complaint fails initial review because he has failed to state a claim upon which relief may be granted. Because Plaintiff is deceased and cannot amend his Complaint to state a claim for relief, the Court will dismiss his Complaint without prejudice. Should Plaintiff's estate wish to pursue any of the dismissed claims Plaintiff purports to pursue here, it may refile this action on Plaintiff's behalf.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review and is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Order for Prisoner Trust Account Statement [Doc. 4] is hereby **VACATED**.

The Clerk is instructed to terminate these proceedings.

**IT IS SO ORDERED**.

Signed: November 8, 2023

Martin Reidinger
Chief United States District Judge